JOHN H. DRURY,
vs.                        } MARCH TERM, 1848.
ROBERT K. ROBERTS.

[INJUNCTION—RECEIVER—PARTNERSHIP—PRACTICE.]

THE ordinary form in which the court interposes its aid in the case of bills *quia timet* is by injunction and the appointment of a receiver.

Upon the dissolution of a partnership, each partner is entitled to assist in collecting the assets, paying the debts, and winding up the affairs of the firm.

Any interference with this mutual right, or the exclusion by either partner of the other from the enjoyment of it, will justify this court in taking the management of the concern into its own hands.

But where a party has the legal right to the possession and control of the funds of the partnership, the court interferes with great reluctance, and a strong case of abuse, or danger of abuse, must be shown before a *bona fide* possessor will be displaced.

Yet if a *bona fide* possessor is wasting or misapplying the funds in his hands, or where there is danger from his insolvency, fraud, or misconduct, the court will not hesitate to displace him and appoint an officer of its own in his place.

Upon a motion to dissolve, the defendant can only rely upon so much of the answer as is responsive to the bill, and matter in avoidance cannot be allowed to have any effect.

[The bill in this case was filed on the 4th of April, 1848, alleging that the complainant entered into copartnership with the defendant, under the name and firm of *Roberts & Drury*, on the 3d of October, 1845, which continued until the 3d of April, 1847, when it was dissolved by mutual consent. That at the time of the dissolution, the firm was largely indebted to merchants in the city of Baltimore, and elsewhere, for the purchase of different articles of merchandise. That upon the undertaking of the defendant to secure and indemnify the complainant from liability on account of these debts, the former was permitted to collect the assets, pay off the debts, and wind up the affairs of the partnership. The bill then charges that the defendant had received all the goods and effects of the firm, but had neglected to collect the debts due it, or pay the debts due by the firm, and was wasting and misapplying the said property and effects, and that he was in insolvent circumstances, and prays for an injunction restraining the defendant from dis-

15

posing of any of said effects, and for the appointment of a receiver to take charge of the affairs of the partnership.

The injunction was granted and the motion for a receiver set down for hearing on the 1st of May, 1848, and on the 19th of May a receiver was accordingly appointed. The answer of Roberts was filed on the 19th of June, 1848, denying the equity of the bill, and all the various charges of misapplication of the effects, his own insolvency, &c. And a motion was entered to dissolve the injunction and discharge the receiver. Upon the hearing of which the following opinion was delivered.]

THE CHANCELLOR :

It appears by the bill and answer in this case, that a commercial partnership was formed between these parties in October, 1845, which terminated by mutual consent in April, 1847, and that until the 15th of May, 1847, the property and effects, books, papers and debts due the firm, were transferred by the plaintiff to the defendant, upon an undertaking on the part of the latter, to secure and save the plaintiff harmless, from the claims of creditors. The bill alleges, and the answer admits, that upon this agreement, the property and assets of the firm were handed over to the defendant, upon his engagement to pay the debts, settle up its affairs, and protect the plaintiff from loss. And an exhibit is filed with the bill which with the statements contained in the latter, together with the admissions in the answer, show this to have been the contract of the parties. The answer to be sure, sets up an additional agreement, but as this is not exhibited, and the answer in this respect is not responsive to the bill, no notice can be taken of it.

The gravamen of the bill, upon which its claim to the equitable interposition of this court rests, in the form in which it is invoked, is, that the defendant has failed to comply with his engagement : 1st, in omitting to take proper steps to get in the assets of the firm ; 2d, in wasting and misapplying them, and 3d, in the danger to which the plaintiff is exposed, in consequence of the apprehended insolvency of the defendant, and his, the plaintiff's, responsibility to the creditors of the firm.

These are the averments of the bill, and it is consequently in its frame and structure, a bill *quia timet*, to prevent some future impending injury to the rights and interests of the plaintiff, and not because an injury has already occurred. The ordinary form in which this court interposes its aid in cases of this description is by injunction and the appointment of a receiver.

These parties having been partners in trade, it is very clear that upon the dissolution of the connexion, each partner was entitled to assist in collecting the assets, and paying, and in winding up the affairs of the firm, and that any interference with this mutual right, or the exclusion by either partner of the other, from the enjoyment of it, would justify this court in taking the management of the concern into its own hands. But in this case the parties have by agreement delegated this mutual and common right to one of the partners, and therefore the exercise by him of the exclusive power in question, can furnish no ground of complaint. *Story on Partnership*, sec. 328. The legal right to the possession and control of the funds of this partnership, is in the defendant, and in such a case as established by all the authorities, the court interferes with great reluctance. An abuse or danger of abuse must be shown before the *bona fide* possessor will be displaced. *Story's Commentaries on Equity, secs.* 835, 836. Upon one or two recent occasions, this court has had occasion to speak upon this subject which need not now be enlarged upon.

But although the defendant under the terms of his contract with the plaintiff in this case, is entitled to the possession of the funds, that is, is a *bona fide* possessor, still if he is wasting or misapplying them, or there is danger from his insolvency, fraud or misconduct, the court would not hesitate to displace him and appoint an officer of its own in his place.

The bill alleges such waste, misapplication and danger, and upon these allegations alone can the interposition of this court by injunction and the appointment of a receiver be vindicated. But these allegations are all denied by the answer, and consequently the equity upon which the court proceeded in awarding the injunction and appointing a receiver is removed.

The answer states first, that the debts due the firm, which could not be collected without legal proceedings, were placed promptly in the hands of attorneys for collection. It is true some of these claims, according to the receipts of the attorneys are not upon their face payable to the late firm; but I think credit should so far be given to the answer as to assume, that they are the property of the firm. It is certainly not necessary that it should appear upon their face, that they are the property of the firm. In the various mutations and transfers of monied securities, there is no difficulty in understanding how the firm may have become the owner of these claims. That the suit is brought in the name of Roberts alone, is explained and justified by the nature of the contract between him and complainant.

The charge of waste and misapplication is also denied, and exhibit No. 1, filed with the answer, shows that a large proportion of the debts have been paid. It is to be recollected that this exhibit is sworn to, and I do not think, that the copies of the receipts which have been filed, though some of them are not free from ambiguity, should be allowed to destroy the effect of the explicit statement of the answer and this exhibit.

These exhibits may be subject to criticism on the one side, and of explanation upon the other, when the accounts come to be taken, if the cause should take that direction, but at this stage of it, standing upon bill and answer, I do not think there is sufficient evidence upon the face of the exhibits in opposition to the answer, to take from it the effect of rebutting the charge of misapplication.

It was said by my predecessor to be a well established rule, that on a motion to dissolve, the defendant can only rely upon so much of the answer as is responsive to the bill, and that matters in avoidance cannot be allowed to have any effect. 3 *Bland*, 445. But this is matter responsive to the bill which charges misapplication. The answer denies this misapplication, and exhibits vouchers in its support; and because these are ambiguous, it is contended the denials of the answer are to be disregarded. I think otherwise, and that the answer must have its due weight. The charge of insolvency, or apprehended

insolvency of the defendant, is expressly denied, and therefore it is not necessary to discuss the question of the sufficiency of the allegations of the bill in that particular. It falls of course before the answer, there being no proof the one way or the other.

The bill, in the interrogatory part, calls upon the defendant to show all the goods and property of the firm, and all bonds, notes and other evidences of debts due to it, and this the answer by its exhibit No. 6, proposes to do, though the exhibition of the statement is accompanied with a sort of protest against the obligation of the defendant to do so. The paper, however, is not filed, and complaint is made because of this omission. My opinion is, that the complainant has a right to call for such a paper, and that the interrogatory is justified by the scope and object of the bill; but I do not see, that the failure to file the exhibit supports the charge of negligence in getting in the assets of the firm, or of waste or misapplication of those assets, or of danger to the complainant, resulting from the apprehended insolvency of the defendant, being the charges upon which the injunction and order for the receiver rests.

Upon the whole, taking this case as it is disclosed by bill, answer and exhibits, I do not think I should be justified in withholding the possession and actual control of these partnership effects, from the party to whose management they were confided by the agreement of the parties. He was selected by the complainant, to take possession of the fund and pay the debts, and wind up the affairs of the partnership, and under circumstances, a strong case must be made out, before he can be displaced. Such a case I thought was made out by the bill, but the answer has overthrown it, and the hand of the court must be removed.

F. H. STOCKETT, for Complainant.
A. B. HAGNER, for Defendant.